# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **ROBERT RAYMOND RUSSELL and** | )   **Chapter 11** |
| **BONNIE LEE RUSSELL** | )   **Case No.  07-10984-RS** |
| | ) |
| **DEBTORS.** | ) |

_____)

## FIRST APPLICATION BY COUNSEL TO THE
## <u>DEBTOR FOR COMPENSATION UNDER 11 U.S.C. §330(a)</u>

Now comes Nina M. Parker of Parker & Associates (each and together the "Applicant") and pursuant to Federal Bankruptcy Rule of Procedure 2016, Local Rule 2016-1 and the guidelines promulgated by the Executive Office for the United States Trustee pursuant to the Bankruptcy Reform Act of 1994, respectfully submits the following:

### A.  Facts

1.      On February 20, 2007, Robert Raymond Russell and Bonnie Lee Russell, (hereinafter "Russell") Debtors-In-Possession herein ("Debtors") filed a pro se Petition under Chapter 11 of Title 11 of the United States Code, after receiving notice that several of their pieces of equipment were in imminent danger of being repossessed and because they were unable to meet their financial obligations as they became due and payable.

2.      The Debtors undertook and filed schedules and statement of financial affairs as well as the required Certificate of Credit Counseling but with certain deficiencies.

3.      The Debtors attended the Initial Debtors Conference and soon thereafter, contacted the Applicant for the purposes of retaining her to represent them in their reorganization. They sought to engage counsel prior to the 341 meeting which was scheduled for March 22, 2007.

4.      In an effort to raise sums needed for payment of a retainer (upon court approval of the payment of same) to the Applicant, the Debtors sought to sell certain tools and vehicles. The Debtors filed the Motion for authority to sell same, which matter was scheduled for hearing on March 13, 2007.  The hearing was conducted, and Applicant attended the hearing to assist the Debtors in connection therewith.

5.      On March 22, 2007, the Debtors and the Applicant attended the Section 341 meeting conducted in connection with the proceeding.

6.    The Debtors had an Order to Update the deficiencies of the original filing by March 7, 2007.  The Debtors complied with the Order and filed the notice concerning the Statement of Operations, Balance Sheet and Cash Flow Statement, but the pro se filing was not properly captioned or linked when placed on the Docket.  As a consequence, on April 3, 2007, the Court issued an Order dismissing the proceeding for failure to comply with the Courts Order of February 20, 2007.

7.    Your Applicant was contacted immediately upon the receipt of the court's Order dismissing the case. The Applicant then filed an Application to be employed, an Affidavit in connection with same and an Emergency Motion to Reinstate the Chapter 11 Proceedings.  The Motion to Reinstate was allowed and your Applicant was approved as counsel for the Debtors. A copy of the Order authorizing her employment is annexed here as Exhibit 1.

8.    At or about that same time, the Debtors were served with a Motion for Relief from the Automatic Stay by Wells Fargo Bank, the alleged holder of the first mortgage on the primary residence of the Debtors.  Counsel filed the response in connection to same and thereafter negotiated a Stipulation in connection with the resolution of the Motion.

9.    Shortly thereafter, the lender holding a lien on the title of the Debtors Ford F350 filed a Motion for Relief from the Automatic Stay. Counsel filed an Opposition to the Motion on behalf of the Debtors. Counsel for the Debtors worked with the lender, Ford's counsel to resolve same through the entry of a Stipulated Order. Thereafter, due to business concerns and cash flow issues, the Debtors were unable to satisfy the required obligations under the Stipulation and when Ford's counsel filed an Affidavit of Non-compliance and Motion for Order in connection with the Non-compliance, the Debtors, after conferring with their counsel, this Applicant, determined to surrender the vehicle in order to reduce cash flow requirements as it was in the overall best interests of expediting the reorganization. The Debtors, through their counsel, filed a Statement of No Opposition to the Affidavit of Non-compliance to alleviate any further costs or fees.

10.    On the same date that Ford filed its Motion, Caterpillar Financial Services Corp. filed a Motion for Relief from the Automatic Stay in connection with their collateral, a 325 CL Excavator and D5GXL Tractor. Counsel for the Debtors filed an Opposition to same which equipment is necessary to the Debtors reorganization. Thereafter, Counsel negotiated with Counsel to Caterpillar and reached a Stipulation which was drafted by the parties and submitted to the Court for approval.  Applicant negotiated the Stipulation and continuing the hearing while the Debtors made adequate protection payments and the Plan was in prospect.

11.    During this period, the Debtors sought to employ special counsel to pursue a lawsuit based upon a prior job, which actions and failures to pay were the proximate cause of the Debtors having to seek protection through Chapter 11. Your applicant prepared all necessary papers to obtain the approval the Application to be employed.

12.    Throughout this period, counsel monitored the Debtors case and worked with them when needed to assist in the obstacles of Chapter 11 including the negotiation of extensions

2

of the Stipulations in connection with the various motions for relief from the automatic stay which had been filed in the proceeding.

13.    Counsel attended a further hearing on the Motion of the creditor, Wells Fargo Bank, the holder of the mortgage on the Debtors property. Counsel proposed to file a Plan of Reorganization by November 19, 2007 at the time of the hearing and sought denial of the Motion. The Motion was denied and the Court issued an Order stating that the Debtors were required either to file their Plan of Reorganization by that date or to resume making their regular monthly mortgage payments. The Debtor under took preparations for the submission of their Plan.

14.    Counsel to the Debtors prepared and filed a Motion to Establish a Bar Date for the filing of claims in order to ascertain the structure of the creditor classes and the amounts alleged to be due. The Motion and Bar Date Order was served and thereafter, creditors filed their proofs of claim. In addition, creditors contacted counsel to understand the status as well as their duties or responsibilities in connection with the filing of the Proof of Claim. Counsel did not provide legal advice to the creditors, but responded to inquiries and forwarded the approved form Proof of Claim and instructions for filing same.

15.    After multiple efforts, conversations and a meeting with the Debtor, Robert Russell, the Debtors counsel filed a Motion to Combine the Hearing on the Debtors Small Business Plan of Reorganization and Disclosure Statement of the Small Business Debtors and at the same time, the Debtors Small Business Plan of Reorganization and Disclosure Statement which had been drafted by counsel to the Debtors. The Motion and Plan were filed with a proposed ballot, but the Order establishing dates was not filed until the Court issued the Order in connection to same which required it be submitted by December 15, 2007.   Counsel to the Debtors filed same on December 7, 2007 and proceeded thereafter, when the Order was granted, to serve same upon all known creditors in connection with the proceeding.

16.    The Court established deadlines for creditors to object to the adequacy of the Disclosure Statement or confirmation of the Plan. The Debtors counsel was contacted by one of the secured creditors in connection with issues with the Plan, which terms had been previously provided to the creditor in order to seek consensus on treatment. Counsel to the Debtors is in the process of negotiating with that secured creditor to resolve their differences with the Debtor and hopes to have concluded same prior to the Objection deadline.

17.    Throughout this period of representation, the Applicant has maintained ongoing written and verbal communications with Counsel to creditor's who have noticed their appearances and with various creditors individually as there is no Creditors Committee appointed in this case. Counsel has continued to work with the Debtors and the secured creditors in an attempt to reorganize and maintain the business as a going concern.

18.    Counsel to the Debtors continues to work with the Debtors to ensure proper disclosure of the Debtors' financial reports although the Debtors have prepared and filed same without assistance of counsel. Counsel has spent time drafting a Plan of Reorganization with terms capable of achieving confirmation based upon the financial estimations and projections prepared by the Debtors.

3

19.     There have been numerous pleadings filed in the proceeding since the Order authorizing the Application for Employment by this counsel. All pleadings have been responded to and the case has been carefully monitored to insure compliance with all required submissions.

20.     From March 7, 2007 through January 3, 2008, the Applicant has rendered legal services to the Debtors in the amount of $8,864.00.  The Applicant has incurred costs and expenses in the amount of $75.68.  In accordance with the Court Order dated April 24, 2007, authorizing employment of Counsel, the Debtors have deposited the sum of $7,500.00 which has been held in an interest bearing account pending approval of an Application for Compensation. No payments have been received to date and counsel seeks authorization to draw upon the retainer and to be paid the sums approved and authorized through this Application for Compensation.  An itemized breakdown of all fees and an itemized breakdown of costs and expenses are set forth with particularity on the statement annexed hereto as Exhibit 2.

21.     The within Application for Compensation is filed in accordance with 11 U.S.C. §330(a).  The itemization of services rendered by Counsel was compiled from the time records maintained by Parker in the ordinary course of her business.

22.     The terms and conditions of employment of counsel by the Debtor and compensation promised thereto was as follows:

a)      The hourly rate for service by Nina M. Parker was $295.00; the hourly rate for services by an associate is $205.00; and the hourly rate for a paralegal is $105.00.

b).     The following attorneys rendered services on behalf of the Debtor as detailed below:

**NMP -** Nina M. Parker was admitted to the bar in 1981.  She has practiced in the bankruptcy and insolvency area of the law since her admittance.  Her hourly rate at the time of the filing was $295.00.

**JLY-** Jenny L. Yandell was admitted to the bar in 2003.  She has practiced in the bankruptcy and insolvency area of the law since February, 2005.  Her current hourly rate is $205.00.

**RMG** – Ronda M. Gorski is a paralegal.  Her hourly rate at the time of filing was $105.00.

The hourly rates set forth above were the billing rates for the person providing services to the Debtors from the date of the filing.  These rates are the same rates that were charged by Nina M. Parker to her other clients for non-bankruptcy and bankruptcy legal services during that time.

23.     Counsel has rendered legal services to the Debtors at the usual hourly rate applicable to work performed for continuing clients of Nina M. Parker and her employees.

24.     Additional services to be rendered from the date of this Application, to conclusion review of the Monthly Operating reports generated by the Debtors, preparation of an amended Plan of Reorganization and/or an amended Disclosure Statement if needed, preparation for and attendance at the Confirmation hearing, soliciting and responding to inquiries concerning the Plan and the balloting process, and preparing and filing such pleadings and documents as may be needed to conclude the Chapter 11 including working with the Debtors to insure distribution to the creditors as well as preparation and filing of the Application for Final Decree.

25.     Parker will seek supplemental approval for future fees and expenses incurred in connection with this proceeding to the extent that further fees in connection with confirmation of the Plan.

26.     The compensation for these services and reimbursement for expenses sought will not be shared directly or indirectly with any other person or firm.  No prior request for allowance of the fees or reimbursement of expenses required herein has been made.

27.     The request for payment in full of the within Application for Compensation is justified for the following reasons:

(a)     Role in Reorganization.  After an examination of the Debtor's affairs, counsel assisted the Debtors in analyzing the assets, reviewing financial information, evaluating potential strategies for the Debtors to reduce costs and to reorganize as well as preparing offers of adequate protection, and such other matters as arose in the course of the proceeding.

(b)     The Creditors. Counsel has communicated with various creditors due to the absence of a Creditors Committee and has provided information requested or sought to address or respond to inquiries about the reorganization process Counsel to the Debtors spoke with Counsel to secured creditors regarding equipment financing agreements, insurance issues, valuation of collateral, and the interests of creditors in the process.

(c)     Results Obtained.  Counsel has worked with the Debtors to maintain operations while working towards confirmation of the proposed Plan of Reorganization.

For all of the above reasons, Nina M. Parker believes that an award of her fees as prayed for is reasonable and warranted.

## B.  Project Summary

28.     The following is a description of each professional project or task for which compensation and reimbursement is sought.

5

a.      <u>Business Operations, Correspondence and Case Administration</u>

The Applicant's activities in this case include meetings, telephone calls and correspondence with the Debtors and the creditors of the Debtors.   Counsel continues to work to ensure that the Chapter 11 operates smoothly while efforts are made to confirm the pending Plan of Reorganization.

Hours expended on issues which constitute Case Administration include but are not limited to, correspondence and meetings with the Debtors, monitoring the Debtors to insure that the reorganization results in improved business operations of the Debtors, are set forth in the following categories:

a.      The hours expended on <u>Case Administration</u> are set forth as follows:

| Attorney | Hours | Rate | Cost | % of Case |
|---|---|---|---|---|
| Nina M. Parker | 9.3 | $295.00 | $2,743.50 | |
| Jenny L. Yandell | .1 | $205.00 | $   20.50 | |
| **TOTAL** | **9.4** | | **$2,764.00** | **31.70%** |

b.      <u>Schedules and 341 Meeting</u>

The hours expended on <u>Schedules and 341 Meeting</u> are set forth as follows:

| Attorney | Hours | Rate | Cost | % of Case |
|---|---|---|---|---|
| Nina M. Parker | 2.2 | $295.00 | $ 649.00 | |
| **TOTAL** | **2.2** | | **$ 649.00** | **7.19%** |

c.      <u>Claims and Objections</u>.

Counsel has maintained communications with the Debtors, reviewed claims and negotiated with creditors regarding adequate protection and the status of the case. Counsel worked with various creditors to ensure that business operations were maintained and that the equipment was maintained for business operations.

The hours expended on <u>Claims and Objections</u> are set forth as follows:

| Attorney | Hours | Rate | Cost | % of Case |
|---|---|---|---|---|
| Nina M. Parker | .7 | $295.00 | $ 206.50 | |
| **TOTAL** | **.7** | | **$ 206.50** | **2.29%** |

6

d.     <u>Secured Party Negotiations and Cash Collateral Pleadings
and Motions for Relief from Stay</u>.

This section includes the hours Counsel expended attempting to negotiate with the various secured parties. This section also includes the hours Counsel expended on various equipment issues.

The hours expended on <u>Secured Party matters and Cash Collateral pleadings and Motions for Relief from Stay</u> are set forth as follows:

| Attorney | Hours | Rate | Cost | % of Case |
|---|---|---|---|---|
| Nina M. Parker | 6.7 | $295.00 | $1,976.50 | |
| Jenny L. Yandell | .2 | $295.00 | $    59.00 | |
| **TOTAL** | **6.9** | | **$2,035.00** | **22.54%** |

e.     <u>Plan and Disclosure Statement</u>

The most significant number of hours expended during this portion of the proceeding has focused on preparing the case for submission of the <u>Combined Plan and Disclosure Statement.</u> The hours expended in preparation of the Plan and Disclosure Statement including meetings and communications with the Debtors and the creditors are set forth as follows:

| Attorney | Hours | Rate | Cost | % of Case |
|---|---|---|---|---|
| Nina M. Parker | 7.6 | $295.00 | $2,242.00 | |
| **TOTAL** | **7.6** | | **$2,242.00** | **24.84%** |

f.     <u>Fee/Employment Application</u>.

Counsel prepared the Application for Employment as well as the within Application for Compensation as required by statute and local rules.  Furthermore, Counsel provided requested information regarding Application for Employment of the other professionals retained in the case.

The hours expended on preparing the <u>Application for Employment to Employ Counsel,</u> <u>Application to Employ Special Counsel and Application for Compensation</u> are as follows:

| Attorney | Hours | Rate | Cost | % of Case |
|----------|-------|------|------|-----------|
| Nina M. Parker | 3.2 | $295.00 | $ 944.00 | |
| Jenny L. Yandell | .2 | $205.00 | $  41.00 | |
| **TOTAL** | **3.4** | | **$ 985.00** | **11.44%** |

It is estimated that counsel will expend an additional ten (10) hours in the case to effectuate confirmation and the entry of a final decree. To the extent that the estimation is exceeded, counsel shall seek additional compensation. The within fee application as submitted contains the authority for payment of same upon submission of an itemized invoice with a copy to the United States Trustee and any counsel who has requested notice to be served.

The compensation for these services and reimbursement for expenses sought will not be shared directly or indirectly with any other person or firm.  No prior request for allowance of the fees or reimbursement of expenses requested herein has been made.

Wherefore, the Applicant prays this Honorable Court to enter an Order allowing her fees and expenses as set forth in the within Application for Compensation by Counsel to the Debtors in the sum of $8,939.68, plus an allowance of up to ten (10) hours without need of further Court Approval to complete the case.

<u>/s/ Nina M. Parker</u>
Nina M. Parker
(BBO #389990)
Jenny L. Yandell
(BBO #658322)
Parker & Associates
10 Converse Place
Winchester, MA 01890
(781)729-0005

DATED:        January 3, 2008

8

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE:** | ) |
| | ) |
| **ROBERT RAYMOND RUSSELL and** | )        **Chapter 11** |
| **BONNIE LEE RUSSELL** | )        **Case No.  07-10984-RS** |
| | ) |
| **DEBTORS.** | ) |
| | ) |

<u>**CERTIFICATE OF SERVICE**</u>

I, Nina M. Parker, do hereby certify that I have given either electronic notice and/or

mailed, postage prepaid, copies of **First Application by Counsel to the Debtor for**

**Compensation Under 11 U.S.C. §330(a)** to the following parties:

<u>/s/ Nina M. Parker</u>
Nina M. Parker
(BBO #389990)
Jenny L. Yandell
(BBO #658322)
Parker & Associates
10 Converse Place
Winchester, MA 01890
(781)729-0005

DATED:        January 3, 2008

OFFICE OF THE UNITED STATES TRUSTEE
THOMAS P. O'NEILL FEDERAL BUILDING
10 CAUSEWAY STREET, ROOM 1184
BOSTON, MA  02222
ATTN:  ERIC K. BRADFORD

ROBERT R. RAYMOND
BONNIE L. RAYMOND
156 HILLSIDE STREET
ROWLEY, MA  01969

RICHARD T. MULLIGAN, ESQ.
DEIRDRE M. KEADY, ESQ.
RIAN VERNON, ESQ.
HARMON LAW OFFICES
P.O. BOX 610389
NEWTON HIGHLANDS, MA  02461
(COUNSEL FOR WELLS FARGO BANK, NA)

RICHARD A. SHIELS, JR.
BOWDITCH & DEWEY
311 MAIN STREET
P.O. BOX 15156
WORCESTER, MA  01608
(COUNSEL FOR CATERPILLAR FINANCIAL SERVICES CORP.)

MITCHELL J. LEVINE
NAIR & LEVINE, P.C.
707 BLOOMFIELD AVENUE
BLOOMFIELD, CT  06002
(COUNSEL FOR FORD MOTOR CREDIT COMPANY)

MERIMAC COUNTY BANK
P.O. BOX 2826
CONCORD, NH  03302

SBA
14925 KINGPOINT ROAD
FORT WORTH, TX  76155

GE MONEY
P.O. BOX 6153
RAPID CITY, SD  57709

BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE  19850

DISCOVER
P.O. BOX 30913
SALT LAKE CITY, UT  84130

CHASE
P.O. BOX 15298
WILMINGTON, DE  19850

CITI CARDS
P.O. BOX 183061
COLUMBUS, OH  43218

ADVANTA BANK CORP.
P.O. BOX 30715
SALT LAKE CITY, UT  84130

AMERICAN EXPRESS
P.O. BOX 7863
FT. LAUDERDALE, FL  33329

WASHINGTON MUTUAL
P.O. BOX 660433
DALLAS, TX  75266

VERIZON NEW ENGLAND
P.O. BOX 15071
ALBANY, NY  12212

TARGET NATIONAL BANK
3901 WEST 53RD STREET
SIOUX FALLS, SD  57106

CAPITAL ONE
P.O. BOX 30285
SALT LAKE CITY, UT  84130

HOME DEPOT
P.O. BOX 689100
DES MOINES, IA  50368

SEARS
P.O. BOX 6924
THE LAKES, NV  88901

GAP
P.O. BOX 981064
EL PASO, TX  79998

AT&T UNIVERSAL CARD
P.O. BOX 44167
JACKSONVILLE, FL  32231

SPRINT
P.O. BOX 541023
LOS ANGELES, CA  90054

DIRECT MERCHANTS BANK
P.O. BOX 550680
JACKSONVILLE, FL  32255

MACYS
P.O. BOX 689195
DES MOINES, IA  50368

NORTHEAST HOSPITAL CORP.
P.O. BOX 7050
BEVERLY, MA  01915

DENTCARE
130 SYLVAN STREET
DANVERS, MA  01923

MILTON CAT
100 QUARRY DRIVE
MILFORD, MA  01757

BALDPATE HOSPITAL
83 BALDPATE ROAD
GEORGETOWN, MA 01833

SALLIE MAE
P.O. BOX 9500
WILKES BARRE, PA  18773

WELLS FARGO
P.O. BOX 10335
DES MOINES, IA  50306

GE MONEY BANK
P.O. BOX 6153
RAPID CITY, SD  57709

VERIZON
P.O. BOX 9000
ANNAPOLIS, MD  21401

SUNOCO
P.O. BOX 689155
DES MOINES, IA  50368

SPRINT
P.O. BOX 541023
LOS ANGELES, CA  90054

TOWN OF ROWLEY LIGHT
47 SUMMER STREET
ROWLEY, MA  01969

TOWN OF ROWLEY WATER
P.O. BOX 347
ROWLEY, MA  01969

EASTERN PROPANE
P.O. BOX 6666
DANVERS, MA  01823

TOWN OF ROWLEY TAX
P.O. BOX 347
ROWLEY, MA  01969

OPECHEE CONSTRUCTION
11 CORPORATE DRIVE
BELMONT, NH  03220